## UNITED STATES v. PRIVINZINI.

District Court, S. D. New York.
Sept. 24, 1946.

John F. X. McGohey, of New York City, U. S. Atty., for Southern District of N. Y. (William M. Regan, of New York City, Asst. U. S. Atty., of counsel), for United States.

Henry K. Chapman, of New York City, for defendant-movant.

MANDELBAUM, District Judge.

I have granted reargument for the purpose of clarifying my decision of May 24, 1946 in which I was called upon to decide whether or not an affidavit is required in support of a motion made by a defendant to suppress evidence. I held that under Rule 47 of the Federal Rules of Criminal Procedure the submission of an affidavit was optional with the moving party.

■ The government now urges upon me that there is an implication in that decision that under the new criminal rules the court has been divested of discretionary power to direct the submission of an affidavit in any case. I have accordingly reviewed the entire matter and affirmatively state that I do not so hold. Courts have always had discretion to direct the submission of affidavits to aid it in the disposition of motions and still continue to do so. Under Rule 47 the moving party may or may not submit an affidavit in support of its application but clearly the court may direct that such affidavit be submitted by the moving party if it finds it necessary to have one.

In the instant motion the government further urges that if the court finds that it still retains discretion to order the submission of an affidavit, it should exercise such discretion in favor of the government and direct the defendant to do so.

■ I have decided to direct the submission of an affidavit for the following reason. The motion is one to suppress evidence on the ground that the search and seizure was made without first obtaining a warrant, and as claimed by the defendant, against his will. While a hearing is ordinarily required in such matters, the submission of an affidavit by the defendant in this case may obviate such a hearing. Whether a court will require affidavits in other instances is not before me and must be decided as each situation arises.

Accordingly, my opinion of May 24, 1946 is recalled and defendant is hereby directed to furnish an affidavit in support of his motion to suppress.